Daniel, J.
It seems to me that the prisoner’s objections to the fourth count of the indictment, were both well taken.
The forging of eoin, and the felonious having in possession such forged coin, are distinct and substantive offences. Code, eh. 183, § 3 and 6.
In Page v. Commonwealth, 9 Leigh 683, it was decided by the General court, that an examination of the prisoner for “feloniously using and employing as true, for his own benefit, a certain counterfeit note, well knowing the same to be counterfeit,” did not warrant counts in the indictment for forging the note, and that the Circuit court erred in refusing to quash said counts, on the motion of the prisoner. And in Commonwealth v. Mowbray, 11 Leigh 643, where the prisoner was examined and remanded to the Circuit court for forging an order, the same court decided that such proceeding was no sufficient ground on which to found an in *690 dietmentfor uttering and publishing the order; and that the Circuit court erred in refusing to entertain the prisoner’s motion to quash counts in the indictment charging him with the latter offence.
To my mind, the features which mark the felonious possession of forged coin, as an offence different from that of the forgery of the same, are as distinct as those which have been thus declared to distinguish forgery from uttering and publishing. And I do not think that the attorney general has succeeded in his effort to place this case outside of the reason and influence of the cases of Page and Mowbray. I cannot accede to the correctness of his position, that the charge of feloniously having base coin in possession is necessarily involved in the charge of forging it. For if it be conceded that the act of forging necessarily implies the possession, by the counterfeiter, of the coin, during the process of its fabrication, and at and (for an instant at least) after the completion of the process, it is yet obvious that the necessity of such an implication does not extend to the possession of any given number of pieces of the coin at one and the same point of time. The offence of “ forging ten or more pieces of coin,” would be complete, though it should appear that each piece in succession was commenced and finished, and had passed out of the hands, and beyond the control of the forger, before another came into his possession; whilst in order to make out the felony of having such coin in possession, the statute, in terms, requires it to be shown that the party accused had in his possession ten or more pieces at the same time. The judgment of the County court, therefore, remanding the prisoner to be tried for forging and counterfeiting twenty-four pieces of coin, does not serve to show that he has been examined for the offence of having said pieces or any ten of them in his possession at the same time.
*691 In cases of felonious homicide, and some other crimes not necessary to be instanced, a single act constitutes the basis and main element of each of a series of of-fences which are severally graduated and specially characterized by the greater or less degree of malice or wickedness of motive with which the felonious act may have been perpetrated. In such cases the order of the examining court remanding the accused to the Circuit court, to be tried for the felonious act aforesaid, is a sufficient warrant and authority for indicting and trying him for all or any one of the offences in the series. But the reason of such a rule does not extend to the several offences of forging, uttering, and feloniously having in possession base coin. It is true that these offences have certain properties and qualities common to them all. They each consist in frauds practiced or intended in respect to the current coin; and in order to convict a party of any one of the of-fences, it is necessary to show that there has been a forgery of the coin. These offences are thus of a kindred character, and belong to the same class. But they do not constitute such a series of offences as to justify its being predicated of any one of them that it is the major, and includes within itself, necessarily, all the elements of the other two, or of either one of them. In enquiring into an act of forgery, you do not necessarily institute an examination into the act of uttering the thing forged. And in enquiring into the act of felonious uttering (though it be necessary to enquire whether the coin is forged), it is not necessary to enquire whether the accused was the forger. And so an examination into either of these two offences would be perfect, without any enquiry as to whether the party accused had at the same time ten or more pieces of the base coin in his possession j and vice versa.
It is the right of persons charged with crime, to insist that an examination into the facts, the specific un *692 lawful acts constituting the offence of which they are accused, shall precede any indictment against them. When, therefore, a party indicted for feloniously having in his possession base coin, objects to the charge, on the ground that he has not been previously examined for the offence, such objection is not met by showing that he has been examined for either of the two other offences of a kindred character.
It seems to me, that the objection of the prisoner to the fourth count, for defects apparent on its face, was also clearly well taken. The charge that the prisoner “ had in his possession twenty pieces of base coin” on a particular day, “ the day and year last aforesaid,”, mentioned in the preceding counts, did not, expressly or by necessary implication, allege that he had ten or more of such pieces in his possession at the same time. The truth of such a charge is not at all inconsistent with the idea that the twenty pieces may have come into and again passed out of his possession on the same day, one after another, or otherwise in such succession and order that no ten of them were in his possession at the same time.
For some purp: ses the law refuses to recognize any fractions of a day, and, by a fiction, treats it as if it were a point of time incapable of further division» This rule, or rather departure from rule, however, furnishes no authority for holding that a statute, which makes a conjuncture or combination of circumstances at the same time essential to the constitution of a crime, can be satisfied by alleging and showing that such circumstances all transpired on the same day.. There is nothing in the words of the statute on which the fourth count is based, from which to infer that the language in respect to time is used in any other than its ordinary and literal sense. The defect is not helped by charging that the prisoner “feloniously” had the twenty pieces in his possession. To make the count *693 good, it does not suffice to style the prisoner’s offence a felony. It is absolutely essential to the validity of the count, that it should also distinctly set out and charge the acts which constitute the offence. The having ten or more pieces in possession at the same time, is of the essence of the offence, and necessary to mark it as a felony.
It is argued, however, by the attorney general, that conceding the objections taken by the prisoner to the fourth count to be both good, it would not follow as a necessary consequence, that there was any error in the course of the Circuit court in respect to the prisoner’s motion, inasmuch as said count is substantially a good and sufficient count for the misdemeanor of having in possession, with intent to utter, &c. pieces of base coin less in number than ten at the same time, punishable by the 6th section of ch. 193 of the Code, already cited. And to meet any difficulty which in this aspect of the case might arise from the joinder of counts for felony with a count for a misdemeanor, he refers to the 28th section of ch. 208 of the Code, p. 777.
This section declares, that if a person convicted of felony be by the jury acquitted of part and convicted of part of the offence charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor.
It is clear that whatever may be the influence of this section (if any) on a joinder of counts in felony with counts in misdemeanor, it does not sanction the course of proceeding to try the prisoner, in the face of his objection, duly and timely taken, for a felony upon a count, illegal as a count for felony, for want of a previous examination of the offence therein charged, and defective on its face. If upon the prisoner’s motion to quash the count in question, on the score of such illegality and defect, the court, whilst recognizing *694 the existence of such illegality or defect, was still of the opinion that the count was good as a count for a misdemeanor, and that it was proper to proceed to try the prisoner thereon for a misdemeanor, it should have shaped the course of the prosecution accordingly. By simply overruling the prisoner’s motion, the court in effect decided that the count was a legal and sufficient count in felony. And the prisoner was accordingly put upon his trial, and tried, not for a felony and a misdemeanor, but for a felony, upon an indictment, one count of which was illegal and defective, and was convicted upon a general finding on the whole indictment.
We have no statute which cures the error of such a course of proceeding. And the only bearing (if any) obviously, which the section under consideration can have on the case, is on the question whether, after reversing, in proceeding to render such judgment as ought to have been rendered by the Circuit court, on the prisoner’s motion to quash, we should render a judgment quashing the fourth count, or a judgment allowing it to stand as a count for a misdemeanor. And in this aspect of the case, it would appear, upon the reasoning of the attorney general, to be a matter of entire indifference to the commonwealth whether the count is quashed or retained. For if the constituent elements of the misdemeanor therein charged are necessarily embraced in the other counts charging the forgery, a verdict of the jury upon those counts, finding facts not sufficient to make out the forgery, but still sufficient to establish the misdemeanor, would, in the terms of the section in question, justify a conviction of the prisoner for the misdemeanor.
The general rule of the common law practice is to allow several felonies or several misdemeanors to be charged in several counts in one indictment, but not to allow of the joinder of a felony with a misdemeanor. 1 Chitty’s Cr. Law 209; Wharton’s Precedents 13. *695 It appears (it is true) from cases to which our attention was called by the attorney general, and also from others referred to by the author last cited, that in several of our sister states the common law doctrine has been so far extended as to admit of the joinder of felonies and misdemeanors, where the misdemeanor is a constituent of the felony. The practice in Virginia, however, hitherto has been in conformity with the common law practice. The attorney general has cited no precedent, and I have not been able to find one, in which our courts have sanctioned a departure from that practice. The section in question does not in terms deprive a person charged with felony of any right which he might otherwise have, to demur to an indictment, or to move to quash it for an improper joinder of counts in felony with counts in misdemeanor. The provision is one which in its terms concerns the verdict in criminal trials, and declares simply what shall be the legal consequences of a verdict of a particular character in a given case. It does not profess to regulate the pleadings and proceedings in the previous stages of a prosecution. If designed to influence the previous pleadings at all, it does not, I think, admit of a construction which could give it the effect of changing the rules of such pleadings further than to save from the consequences of a demurrer for misjoinder, an indictment joining a count for a felony with one for misdemeanor, where the latter is a constituent of the former. And whether it is in practice to be allowed to change the course of the pleading at all, is a question which I do not think it is necessary we should now decide. The motion and effort of the prisoner in the Circuit court was not to quash the indictment for a misjoinder, but to quash a defective count. That count though wanting (as we hold) in some of the essentials of a good indictment for a felony, is in its general structure and phraseology, an indictment for *696 a felony, and not an indictment for a misdemeanor. leave is asked now for the first time, in the appellate court, for the commonwealth to proceed on counf; for a misdemeanor, in connection with the remaining counts for a felony. The question as to the design of the section under consideration, is, therefore, presented in an aspect much less favorable to the pretensions of the commonwealth than it might be if the commonwealth were merely seeking to avoid the consequences of a misjoinder. I can conceive of no just advantage to the commonwealth, likely to result from granting the leave. For if, as already intimated, the charges of the fourth count are necessarily embraced in the counts for the forgery, the jury will be at liberty to find the prisoner guilty of the misdemeanor under those counts. If on the other hand said count contains any allegations not covered by the counts for the forgery, it would be obviously going beyond the design of the law to allow of such a. joinder of counts. At best, it is not essential to any fair result that the fourth count should be allowed to remain in the indictment. As a count for a felony, it is defective and illegal; and though as a count for a misdemeanor it would in my opinion be substantially good (if standing alone), notwithstanding the offence is charged to have been done feloniously, and is otherwise irregularly stated, it might, if left to stand in the indictment, tend the confusion of the jury, and consequently to the possible injury of the prisoner. Without undertaking, therefore, to express any definitive opinion as to the design (if any) of the law in question/ in respect to pleadings in criminal trials, I have come to the conclusion that the proper course is to quash the fourth count; and this the more readily, as I understand all other members of the court to be of the opinion that in no case ought a count for felony to be joined with one for a misdemeanor.
*697 For reasons already stated, it is apparent that the instructions asked for by the attorney for the commonwealth were erroneously given; as they in effect authorized the jury to find the prisoner guilty of a felony under the fourth count, though they might believe that he did not have in his possession any ten of the pieces of base coin, at the same time.
Upon the whole, therefore, I am of the opinion that .the judgment of the Circuit court ought to be reversed 5 and a judgment rendered by this court quashing the fourth count, and remanding the cause for a new trial to be had on the first, second and third counts of the indictment.
The other judges concurred.
Judgment reversed.